Filed 7/13/22  P. v. McDaniel CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>ERICK DASEAN McDANIEL,<br><br>　　　Defendant and Appellant. | A162696<br><br>(Contra Costa County Super. Ct. No. 5-110701-0) |

**MEMORANDUM OPINION[1]**

Erick Dasean McDaniel appeals from the trial court's postjudgment order denying his petition for resentencing under Penal Code section 1170.95.[2]  McDaniel argues, and the People concede, that the merits of his petition must be reconsidered under recent ameliorative changes to section 1170.95.  We agree and reverse, remanding to the trial court for further proceedings.

In 2011, McDaniel was charged with one count of murder (§ 187, subd. (a)).  Firearm use enhancements were also alleged.  Pursuant to a negotiated disposition, he pled no contest to

---

[1] We resolve this appeal by a memorandum opinion pursuant to California Standards of Judicial Administration, standard 8.1.

[2] Undesignated statutory references are to the Penal Code.

1

voluntary manslaughter (§ 192, subd. (a)), admitted an allegation that he personally used a firearm (§ 12022.5, subd. (a)), and was sentenced to 15 years in prison. Almost nine years later, after section 1170.95 was enacted, he filed a petition for resentencing, asserting that he pled no contest to manslaughter in lieu of proceeding to trial on a murder charge that could be prosecuted under a felony murder theory. The trial court appointed counsel for McDaniel but denied his petition on the ground that the statute does not apply to convictions for voluntary manslaughter.

At the time it was originally enacted (and at the time the trial court denied McDaniel's petition), section 1170.95 was construed to apply only to defendants who were convicted of murder. (Former § 1170.95, subd. (a), as enacted by Stats. 2018, ch. 1015, § 4; *People v. Porter* (2022) 73 Cal.App.5th 644, 651 (*Porter*).) While McDaniel's appeal was pending, the Legislature amended section 1170.95, effective January 1, 2022, to clarify that resentencing relief is also now available to certain persons convicted of attempted murder or manslaughter. (Sen. Bill No. 775 (2021–2022 Reg. Sess.), Stats. 2021, ch. 551, §§ 1(a), 2; *Porter, supra,* at pp. 651-652.)

Although the amendment became effective after McDaniel's petition for resentencing was denied, the People concede that the recent statutory changes are ameliorative and apply to nonfinal judgments. They are correct. (*Porter, supra,* 73 Cal.App.5th at p. 652; *People v. Montes* (2021) 71 Cal.App.5th 1001, 1006-1007.) Accordingly, we agree that McDaniel is entitled to have the trial court reconsider his resentencing petition.

## DISPOSITION

The order denying McDaniel's petition for resentencing is reversed. The matter is remanded with instructions to reconsider the merits of his petition pursuant to section 1170.95.

_____
BURNS, J.

We concur:

_____
JACKSON, P.J.

_____
SIMONS, J.

A162696